UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Mandel Bidone, | : | Case No. 3:22-CV-636 (OAW) |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| Yale New Haven Inc., | : | |
| City of New Haven, | : | |
| City of Bridgeport, CT | : | |
| City of Mount Vernon NY | : | |
| City of Valhalla, NY | : | |
| City of NY, NY, Bronx Borough | : | |
|    *Defendants*. | : | OCTOBER 21, 2022 |

## INITIAL REVIEW ORDER

Plaintiff Mandel Bidone ("Plaintiff") is a pretrial detainee currently incarcerated at New Haven Correctional Center. Plaintiff brings this action *pro se* against Yale New Haven Hospital (the "Hospital"), the Department of Correction, and various municipalities. Per his complaint, "Plaintiff Mandel Bidone Claims he has been and is still undergoing an illegal trial administered by Yale New Haven." Compl. at ¶ 9. Plaintiff alleges that "the trial has been going on since before his birth," *id.* at ¶ 16 and that "[t]his 'test' includes Biblical references in a real time effort to attempt to find true meaning to the symbolic script of the Hebrew Prophets." *Id.* at ¶ 14.

Plaintiff's complaint is frivolous. Accordingly, the court hereby dismisses the action in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

I.   **BACKGROUND**

Plaintiff alleges the following facts: On November 3, 2021, Plaintiff was in front of the Hospital in New Haven, Connecticut. Compl. at ¶ 3. Plaintiff was "in a state of rage"

1

and "actively yelling at the employees" of the Hospital. *Id.* Plaintiff was accusing the staff of the hospital of "testing him without his knowledge." *Id.* at ¶ 4. "During his rant[,] a security officer that was apart of Yale Hospital's staff approached" Plaintiff and instructed him to stop yelling at the staff. *Id.* at ¶ 5–6. The security officer began to speak into his cell phone with a description of the event taking place. *Id.* at ¶ 7. Plaintiff assumed the officer was on the phone with the New Haven Police Department. *Id.* As Plaintiff walked away, he heard the officer say "[h]e must be one of ours" *Id.* at ¶ 10. According to Plaintiff, the officer spoke "in a menacing tone." *Id.* Plaintiff responded "I will never be one of yours. I am God's child," and instructed the officer to stop following him and to "stop testing people." *Id.* at ¶ 11. Plaintiff alleges that the security officer hung up his phone, no longer pursued him, and that "[n]o arrest was made." *Id.* at ¶ 12.

Plaintiff then claims that he "has been and is still undergoing an illegal trial administered by Yale New. Haven." *Id.* at ¶ 13. He states that "[i]t wasn't until the phone call made by Yale's security officer on Nov 3, 2021" that he was able to bring a case against all parties for the human trial he alleges is being conducted on him without his consent. *Id.* at ¶¶ 15, 22. Plaintiff states that the "test" is a "heuristic approach" to counter issues faced by people within large cities, including: mass incarceration, drug use, homelessness, mental health, broken families, and "lack of fiduciary duties amongst Congressional bodies." *Id.* at ¶ 14. Plaintiff alleges that the "test" also includes "Biblical references in a real time effort to attempt to find true meaning to the symbolic script of the Hebrew Prophets." *Id.* at ¶ 14.

Plaintiff believes that "the trial has been going on since before his birth" and that there is evidence that his family has partook in aiding Yale in the trial." *Id.* at ¶ 16. He

states that people are following him, cameras are inconspicuously recording him, and that there is a conspiratorial purpose against him by a group of people who aim to thwart ableism, racism, mass incarceration, and illegal activities in cities. *Id.* at ¶ 19. Plaintiff alleges that "he has been made to be a human scape-goat, test monkey." *Id.* at ¶ 21. He claims that as a result of the Hospital's scientists (whom he alleges to be "socianist, activist in secret"), he was led to believe that "rapper activist entropenuer Sean Jay-Z Carter is his actual biological father." *Id.*

Plaintiff lists the following causes of action: personal injury, irreparable harm, continuing injury, malicious injury, defamation of character, pain and suffering, negligence, involuntary servitude, and breach of fiduciary duty. *Id.* at ¶ 23. He seeks compensatory and punitive damages. *Id.* at ¶ 24.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)-(2). The court notes that Plaintiff seeks redress not just from governmental entities, but also a private entity: the Hospital. Nevertheless, as an action proceeding *in forma pauperis*, the court is required, under 28 U.S.C. § 1915(e)(2)(B), to dismiss Plaintiff's complaint as it pertains to the Hospital if the court determines that the complaint is "frivolous or malicious" or that it "fails to state a claim on which relief may be granted."

While the law mandates dismissal on such grounds, "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise

the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 3006) (per curiam)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (internal citations omitted)).

"An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir. 1990)) (internal quotations omitted). "A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." *Id.* (internal citations and quotations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.     DISCUSSION

Plaintiff's belief that a city-wide conspiracy to tackle difficult societal issues (such as racism, mass incarceration, ableism, and drug use) has subjected him to an involuntary human clinical trial conducted by a major hospital is exactly the type of claim that this court is required to dismiss as frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i). Plaintiff's claims are the "product of delusion or fantasy," *Livingston*, 141 F.3d at 437, as the only basis for Plaintiff's allegations are his own suspicions as to why a hospital security officer may have stated "[h]e must be one of ours", Compl. at ¶

10, when Plaintiff was "in a state of rage", actively yelling at hospital staff, *id.* at ¶ 3.  *Id.* at ¶ 22.  Rational thinking dictates that the officer may have mistakenly suspected that Plaintiff was a hospital patient, rather than suggesting that Plaintiff was attempting to escape an illegal human clinical trial performed by the Hospital.  Indeed, Plaintiff's complaint fails to allege that he ever was a patient of the Hospital.  The court also notes that Plaintiff names as additional Defendants the Connecticut Department of Correction as well as five different municipalities, even though the Plaintiff fails to mention any such defendant in the complaint's factual allegations.  Even construing the complaint liberally, as the court is required to do, Plaintiff's allegations are frivolous, and the complaint speaks for itself.  Accordingly, the complaint hereby is dismissed.

## IV. CONCLUSION

Plaintiff's complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Since these defects cannot be cured by amendment, the dismissal is without leave to amend.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").  The pending motion for appointment of counsel (ECF No. [17]) is denied as moot.  The clerk is instructed to terminate and close the case.  The court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**IT IS SO ORDERED.**  Entered at Hartford, Connecticut, this 21st day of October, 2022.

5

/s/
OMAR A. WILLIAMS
United States District Judge